**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1233
_____

JHEINSINY AREDI LOPEZ-FLORES, ADRIANA KATHERIN QUISPE-ADRIAN,
J.G.L.-Q., and L.A.L.-Q.,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A220-377-892, A220-377-893,
A220-377-894, and A220-377-895)
Immigration Judge: Richard Bailey
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 27, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed: September 27, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Petitioners, two parents and their children, are natives and citizens of Peru. In 2021, the family entered the United States illegally. The government started removal proceedings. The family conceded removability but sought asylum, withholding of removal, and Convention Against Torture protection.

The family's troubles started back in Peru in 2015 when the mother, Adriana Quispe-Adrian, was fired from her municipal job by the new mayor. After she sued to challenge her firing, she got several threatening phone calls demanding that she withdraw her complaint.

Five years later, a couple of people approached the family at a marketplace. They insulted and threatened the father, Jheinsiny Lopez-Flores, implying that the mother should withdraw her complaint. They also threw stones and salsa at him. Later that year, some people forced their way into the family's house, shoved the father, robbed his home business, and again implied that the mother should withdraw the complaint. And the next year, two masked people on motorbikes pointed a gun at the father; when the mother surprised them by coming outside, they told her to back off and stay out of trouble.

Meanwhile, the mother's lawsuit stalled in court. The Peruvian court asked her for proof that she had worked for the town. But she never got the necessary certificate, so she never submitted it. Though she first testified that her employment case was still pending, she then admitted that she had not spoken with her lawyer since 2020 and had not pursued that case. She also admitted that if she did not pursue her case, she doubted that people in Peru would still be after her.

The immigration judge considered all this information, then found the family credible but denied relief and ordered them removed. To avoid removal, the family had to show one of two things. First, they could show "past persecution … or … a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). Or second, they could show that "it is more likely than not that [they] will be tortured if removed to [Peru]." *Id.* § 1208.16(c)(2). On past persecution, the immigration judge found that not only had they suffered no serious physical harm, but also that the threats were vague, not "concrete and menacing." AR 98. On future persecution, he found, they had not proven that their fear was objectively reasonable. And because the mother's case may have been "dismissed for failure to prosecute," they had not shown that they would likely be tortured in Peru. AR 102. The Board of Immigration Appeals affirmed the immigration judge's conclusions and dismissed the appeal.

We review the agency's factual findings for substantial evidence, deferring to them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 106 (3d Cir. 2020). We review legal issues de novo. *Herrera-Reyes*, 952 F.3d at 106.

Substantial evidence supports the agency's denial of relief. True, the family suffered threats, and the father suffered physical harm at the marketplace. And true, there was accompanying economic, emotional, and psychological harm. But all these, taken together, were not so concrete and menacing that they "severe[ly] affront[ed]" petitioners' lives or freedom. *Id.* (internal quotation marks omitted). The threats, the immigration judge reasonably found, were "vague." AR 98. And the 2020 and 2021 incidents, the Board reasonably

found, were not proven to be related to the mother's lawsuit from five years earlier. Plus, the fear of future persecution was forfeited on appeal. In any event, the mother did not show that the lawsuit is still ongoing; and she admitted that if the suit is gone, she has nothing to fear. Even if the family had shown a causal nexus to their political opinions or group membership, that causal nexus would not matter—they cannot show persecution, past or future, let alone likely torture. We will thus deny the petition.